**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 25-6143**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DAVID JEREMY LATOUR,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Anderson.  Henry M. Herlong, Jr., Senior District Judge.  (8:09-cr-00419-HMH-1)

_____

Submitted:  June 12, 2025                    Decided:  June 17, 2025

_____

Before HARRIS and HEYTENS, Circuit Judges, and FLOYD, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

David Jeremy Latour, Appellant Pro Se.  Leesa Washington, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Jeremy Latour appeals the district court's order denying his second motion for compassionate release, filed pursuant to 18 U.S.C. § 3582(c)(1)(A). We review a district court's denial of a motion for compassionate release for abuse of discretion. *United States v. Brown*, 78 F.4th 122, 127 (4th Cir. 2023). "In doing so, we ensure that the district court has not acted arbitrarily or irrationally, has followed the statutory requirements, and has conducted the necessary analysis for exercising its discretion." *Id*. (internal quotation marks omitted). "To grant a compassionate release motion, the district court must conclude that the prisoner is eligible for a sentence reduction because he has shown extraordinary and compelling reasons supporting relief, and that release is appropriate under the 18 U.S.C. § 3553(a) sentencing factors, to the extent those factors are applicable." *Id*. at 128 (cleaned up).

Upon review, we conclude that the district court did not abuse its discretion in determining that Latour failed to identify extraordinary and compelling reasons to grant relief. Specifically, the district court properly concluded that the Supreme Court's ruling in *Erlinger v. United States*, 602 U.S. 821 (2024), did not afford Latour a basis for relief. Latour was sentenced as a career offender—not an armed career criminal—and *Erlinger* does not undermine a sentencing court's authority to make factual determinations relevant to the Sentencing Guidelines because they do not increase a defendant's statutory range of punishment.

Accordingly, we affirm the district court's order. *United States v. Latour*, No. 8:09-cr-00419-HMH-1 (D.S.C. Feb. 7, 2025). We dispense with oral argument because the facts

2

and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*